IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHANE LEE                                                                                                    PLAINTIFF
ADC #178946

v.                                                 4:22-cv-00042-JM-JJV

MARK GOBER, Sheriff,
Drew County, *et al.*                                                                                     DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

**I.     INTRODUCTION**

Shane Lee ("Plaintiff") is a pre-trial detainee being held at the Drew County Detention Facility ("Detention Facility"). (Doc. No. 2.) On January 18, 2021, he filed this *pro se* Complaint asserting a variety of legally and factually unrelated claims against multiple individuals regarding events that allegedly occurred during his incarceration at the Detention Facility. *Id*. Plaintiff's allegations include: (1) exposure to black mold; (2) lack of any quarantine procedures; (3) denial of access to legal materials; (4) issues with medication being improperly passed out; (5) improperly functioning sewer system; and (6) broken windows that let in cold air and water.

(Doc. No. 2 at 4-7.) He sues Drew County Sheriff Mark Gober, Jail Administrator Susan Potts, Maintenance Supervisor Barbara Parnell, and Jailor Vicky Haney, seeking an "official reprimand" and punitive damages. *Id*.

As part of the screening process, on January 21, 2022, I advised Plaintiff that his Complaint, as currently pled, failed to state a claim on which relief may be granted and explained why. (Doc. No. 3.) Plaintiff was given thirty (30) days to cure the defects by filing a superseding Amended Complaint. (*Id*. at 7.) Plaintiff has not filed an Amended Complaint and the time for doing so has now passed. After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made sua sponte before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of

disputed facts." *Id*.   But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.   See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  DISCUSSION

Federal Rule of Civil Procedure 20(a)(2) says multiple defendants may be joined in one lawsuit only if the claims against them arise out of the same occurrence and involve common questions of law and fact.   The various claims raised in the Complaint are factually and legally unrelated, and thus, not properly joined in one action.   *See also* Fed. R. Civ. P. 21 (providing that a court may sua sponte "add or drop" an improperly joined party or claim); *Bailey v. Doe*; No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and requiring him to pay three separate filing fees).   However, even if Plaintiff chose only properly joined claims, the Complaint does not contain a plausible claim for relief for the following reasons.

Plaintiff alleges Defendant Vicky Haney refused his request for law materials.   (Doc. No. 2 at 4.)   As previously explained (Doc. No. 3 at 6), if Plaintiff wished to proceed with his access to the courts claim he must have explained how he was "actually injured" with regard to a "nonfrivolous and arguably meritorious underlying legal claim."   *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)).   Because Plaintiff has not provided any facts to demonstrate he was "actually injured" with regard to a "nonfrivolous and arguably meritorious underlying legal claim," he has not pled a plausible access to the courts claim.

Plaintiff does not explain who is responsible for his other allegations, that include: (1) exposure to black mold; (2) lack of any quarantine procedures; (3) issues with medication being

3

improperly passed out; (4) improperly functioning sewer system; and (5) broken windows that let in cold air and water. (Doc. No. 2 at 4-7.) However, as previously explained (Doc. No. 3 at 5-6), to state a viable § 1983 claim, a prisoner *"*must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights"); *see also Mitchell v. Dakota Cty. Social Servs.*, 959 F.3d 887, 896 (8th Cir. 2020) (To have standing to bring a claim in federal court a plaintiff must show he suffered "an injury in fact traceable to the defendant's conduct.")

The Court also explained (Doc. No. 3 at 5-6), to the extent Plaintiff seeks to hold any defendant liable based on his or her position as a supervisor, those claims will fail. Supervisors cannot be held liable for the unconstitutional conduct of their subordinates based solely on the fact they were in supervisory positions at the time of an incident giving rise to a lawsuit. *Iqbal*, 556 U.S. at 677; *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). In other words, defendants are only liable for their own actions; that is, for their personal involvement in depriving Plaintiff of his rights. *Iqbal*, 556 U.S. at 676.

Because Plaintiff has not stated who was responsible for: (1) exposure to black mold; (2) lack of any quarantine procedures; (3) issues with medication being improperly passed out; (4) improperly functioning sewer system; and (5) broken windows that let in cold air and water, these allegations do not rise to the level of plausible § 1983 claims. Furthermore, Plaintiff did not explain if and how he was harmed by any of the alleged conditions. *See* 42 U.S.C. § 1997e(e)

(providing that: "No Federal civil action may be brought [for compensatory damages] by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Seltzer-Bey* v. *Delo,* 66 F.3d 961, 964 (8th Cir. 1995) (finding no Eighth Amendment violation where the prisoner did not suffer "any injury or adverse health consequences").

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention and gave him thirty (30) days to file an Amended Complaint curing them and advised him I would recommend dismissal if he failed to cure the deficiencies. (Doc. No. 3.) The time to file an Amended Complaint has expired. Thus, the Complaint should be dismissed without prejudice for failing to state a claim upon which relief may be granted.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 25th day of February 2022.

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE